IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, #R16056, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 21-cv-351-SPM |
| ) | |
| PERCY C. MEYERS, ) | |
| BOBBY BLUM, ) | |
| CHRISTINE BROWN, ) | |
| CRYSTAL CROWE, ) | |
| ROB JEFFREYS, and ) | |
| WEXFORD HEALTH SOURCES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Andrew Lamon, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He asserts violations of the First and Eighth Amendments, for delays in diagnosing and treating a spinal condition and retaliation for his grievances over the issue. (Doc. 17). He seeks monetary damages. (Doc. 17, p. 110).

The First Amended Complaint[1] (Doc. 17) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the

---

[1] Plaintiff filed the First Amended Complaint on March 29, 2022, before the Court reviewed his original Complaint. (See Doc. 16).

1

pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Plaintiff makes the following allegations in his pleading (Doc. 17): He suffers from severe central canal stenosis which requires spinal surgery. (Doc. 17, p. 14). Medical provider Defendants Meyers, Brown, Blum, Crowe, and their employer, Wexford Health Sources, Inc. ("Wexford") delayed diagnosing and treating this condition for several years, prolonging Plaintiff's suffering and placing him at risk of paralysis or death from the necessary corrective surgery. *Id.* He faces greater risk because he suffered a heart attack which led to placement of a stent in his heart and treatment with blood thinning medication.[2] Wexford maintains a policy that prevents its employees from disseminating medical diagnoses and test results to the patient/inmate and this policy caused the delay in Plaintiff's receipt of his diagnosis and delayed treatment.

Defendants Meyers, Brown, Blum, and Crowe retaliated against Plaintiff for filing a grievance over their failure to inform him of his diagnosis. (Doc. 17, p. 15). This retaliation took the form of changing Plaintiff's housing assignment to a location far from the health care unit; continuing to send Plaintiff to outside orthopedic specialists who lied to him about his diagnosis and treatment options; and a conspiracy among Myers and others to attempt to kill Plaintiff under the guise of a "failed surgery gone wrong." *Id.*

All Defendants have intentionally inflicted emotional distress upon Plaintiff by intentionally delaying his diagnosis and surgical treatment for several years, thus subjecting him to a risk of paralysis or death. (Doc. 17, p. 15).

---

[2] Plaintiff has a lawsuit pending in this Court over the allegedly inadequate care provided for his heart attack suffered on February 9, 2021. *Lamon v. R-4 Control Officer, et al.*, Case No. 21-cv-1024-DWD (S.D. Ill. filed Aug. 18, 2021). In a motion filed earlier in the instant case, Plaintiff stated that his spinal surgery was scheduled to take place on March 28, 2022. (Doc. 15).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Meyers, Brown, Blum, Crowe, and Wexford for delaying the diagnosis and treatment of Plaintiff's spinal condition (severe central canal stenosis).

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Wexford for maintaining a policy or custom that prevented its employees from informing Plaintiff of his diagnosis or test results, thus delaying treatment of his spinal condition.

Count 3: First Amendment retaliation claim against Meyers, Brown, Blum, and Crowe for having Plaintiff moved to an undesirable housing unit and conspiring to have him undergo an unnecessary surgical procedure after Plaintiff filed a grievance complaining of their failure to provide him with medical diagnosis and test results.

Count 4: Intentional infliction of emotional distress claim against Wexford, Meyers, Brown, Blum, Crowe, and Jeffreys for intentionally delaying his diagnosis and necessary surgery for several years.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

### Counts 1 and 2

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

condition, and (2) the defendant acted with deliberate indifference to that condition. *Id.* Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff's allegations are sufficient for him to proceed on the deliberate indifference claim in Count 1 against Meyers, Brown, Blum, and Crowe for delaying his diagnosis and treatment. (Doc 17, p. 14). However, his only factual allegation against Wexford in connection with Count 1 is that Wexford is the employer of the individual Defendants. Such an employment/supervisory relationship is not sufficient by itself to sustain a deliberate indifference claim against Wexford.

A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021); *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *see also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff does not make such a claim in Count 1. (Doc. 17, p. 14). However, Plaintiff raises a policy/practice/custom claim against Wexford in Count 2, alleging that Wexford's policy or custom caused the delay in Plaintiff's diagnosis and treatment. (Doc 17, p. 14); *see Woodward*, 368 F.3d at 927 (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation). Accordingly, the deliberate indifference claim in Count 2 may proceed against Wexford, but Wexford will be dismissed from Count 1.

**Count 3**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866

(7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *See McKinley v. Schoenbeck*, 731 F. App'x 511, 515 (7th Cir. 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Plaintiff claims that Meyers, Brown, Blum, and Crowe caused Plaintiff to be moved to a different housing area as retaliation for his grievance against them. It remains to be seen whether Plaintiff can connect these Defendants to the allegedly adverse action, but at this stage, he may proceed with this portion of his retaliation claim.

Plaintiff further asserts that Meyers sent him to outside specialists who lied to him, and that Meyers and others tried to have Plaintiff undergo an unnecessary surgery to "clean out the junk" in his spine. Nothing in the First Amended Complaint indicates that Plaintiff actually had the surgery that he claims was unnecessary and dangerous, thus it appears he did not suffer any adverse retaliatory action in that respect. This portion of the retaliation claim is therefore dismissed without prejudice.

Count 3 will proceed against Meyers, Brown, Blum, and Crowe only on the allegation that they retaliated against Plaintiff by having his housing assignment changed.

**Count 4**

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant(s) intentionally or recklessly engaged in "extreme and outrageous

conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

Plaintiff's allegations that Meyers, Brown, Blum, and Crowe intentionally delayed his diagnosis and treatment are sufficient at this stage to proceed on the intentional infliction of emotional distress claim against them. However, Wexford and Jeffreys will be dismissed from this claim. Plaintiff does not allege that Wexford had a policy or practice that caused the intentional infliction of emotional distress. *See Woodward*, 368 F.3d at 927. And Plaintiff includes no factual allegations whatsoever against Jeffreys. As Director of the Illinois Department of Corrections, Jeffreys would not be a medical provider who was involved in Plaintiff's diagnosis or treatment.

Count 4 will proceed only against Meyers, Brown, Blum, and Crowe.

### DISPOSITION

The Complaint states colorable claims in Counts 1, 3 and 4 against Meyers, Brown, Blum, and Crowe; and in Count 2 against Wexford Health Sources, Inc. Count 3 will proceed only on the retaliation claim related to Plaintiff's housing change. Wexford is dismissed without prejudice from Counts 1 and 4. Jeffreys is **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Percy C. Meyers, Bobby Blum, Christine Brown, Crystal Crowe, and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 17), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a

6

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  May 23, 2022**

*s/  Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.