**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANDREW LAMON, #R16056,                         ) | |
|                                                ) | |
|                         **Plaintiff,**         ) | |
|          vs.                                   )        **Case No. 21-cv-351-SPM** | |
|                                                ) | |
| PERCY C. MEYERS,                               ) | |
| BOBBY BLUM,                                    ) | |
| CHRISTINE BROWN,                               ) | |
| CRYSTAL CROWE, and                             ) | |
| WEXFORD HEALTH SOURCES,                        ) | |
|                                                ) | |
|                         **Defendants.**        ) | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Now before the Court is Plaintiff Andrew Lamon's Motion for Leave to File Amended Complaint, filed by counsel (Doc. 43). Plaintiff submitted his proposed (Second) Amended Complaint. Defendants responded with objections to the motion (Docs. 45, 46). As explained below, Plaintiff's motion will be denied.

### BACKGROUND

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") who filed this civil rights lawsuit *pro se* on April 21, 2021 (Doc. 1). In March 2022, Plaintiff filed a *pro se* First Amended Complaint (Doc. 17). The Court conducted the required preliminary merits review of that amended pleading pursuant to 28 U.S.C. § 1915A.[1] Based on the factual allegations in the First Amended Complaint, which organized the claims into four counts, the Court allowed Plaintiff to proceed on the following claims related to the Defendants' alleged delays in diagnosing and

---

[1] 28 U.S.C. § 1915A requires the Court to screen all Complaints filed by prisoners and to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. This requirement applies whether the prisoner's Complaint is *pro se* or prepared by counsel.

treating his painful spinal condition:

> Count 1:    Eighth Amendment deliberate indifference to serious medical needs claim against Meyers, Brown, Blum, and Crowe for delaying the diagnosis and treatment of Plaintiff's spinal condition (severe central canal stenosis).

> Count 2:    Eighth Amendment deliberate indifference to serious medical needs claim against Wexford for maintaining a policy or custom that prevented its employees from informing Plaintiff of his diagnosis or test results, thus delaying treatment of his spinal condition.

> Count 3:    First Amendment retaliation claim against Meyers, Brown, Blum, and Crowe for having Plaintiff moved to an undesirable housing unit after Plaintiff filed a grievance complaining of their failure to provide him with medical diagnosis and test results.

> Count 4:    Intentional infliction of emotional distress claim against Wexford, Meyers, Brown, Blum, and Crowe for intentionally delaying his diagnosis and necessary surgery for several years.

(Doc. 20, pp. 3-6).[2] The Court directed the parties to use these designations of Plaintiff's claims "in all future pleadings…unless otherwise directed by a judicial officer of this Court." (Doc. 20, p. 3).

On June 16, 2022, retained counsel entered his appearance on behalf of Plaintiff (Doc. 24).

Defendants Blum, Meyers, and Wexford filed their Answers to the First Amended Complaint on July 12, 2022 (Docs. 29, 30, 31); Defendants Brown and Crowe answered on September 23, 2022 (Doc. 40). On October 6, 2022, the Court entered its Initial Scheduling and Discovery Order, directing Plaintiff to file any motion seeking leave to amend his Complaint by December 6, 2022 and setting additional deadlines (Doc. 41). After the instant motion for leave to amend was timely filed, the Court stayed the deadline for Defendants to file their dispositive motions on the issue of exhaustion of administrative remedies until the amendment issue is

---

[2] The Court dismissed Wexford from Counts 1 and 4, dismissed a portion of Count 3, and dismissed IDOC Director Jeffreys from the action. (Doc. 20, p. 6).

resolved (Doc. 49).

## DISCUSSION

This Court's Local Rules require new material to be underlined in a proposed amended pleading. SDIL-LR 15.1. Plaintiff's proposed amended pleading is underlined in its entirety. Nowhere in the proposed Second Amended Complaint does Plaintiff reference the four counts designated by the Court in the merits review order (Doc. 20, p. 3).

Defendants Myers, Blum, and Wexford object to the proposed amended pleading on the grounds that it does not provide them notice of the number or nature of Plaintiff's claims. It does not articulate what or how many claims Plaintiff intends to bring, does not state which Defendant is the target of each claim, fails to set forth sufficient facts to support a cognizable state law claim, and appears to be pleading duplicative Eighth and Fourteenth Amendment claims.[3] (Doc. 45). Myers, Blum, and Wexford request denial of Plaintiff's motion, or alternatively, a more definite statement of the number and nature of the claims. *Id.*

Defendants Brown and Crowe argue that the proposed amended complaint should be rejected as futile because it fails to plead a cause of action against them. (Doc. 46, p. 2). As the entire document is underlined and does not delineate any specific claims or counts, Defendants cannot ascertain the effect of the proposed changes compared to the prior complaint. Plaintiff references the Eighth and Fourteenth Amendments but also uses language implying an intention to bring a negligence claim. The proposed pleading fails to set forth any factual allegations describing Brown's conduct, thus does not state a viable claim against her. The only factual

---

[3] Plaintiff did not invoke the Fourteenth Amendment as grounds for any claim in his *pro se* First Amended Complaint; he based Counts 1 and 2 on the Eighth Amendment and Count 3 on the First Amendment. (Doc. 17, pp. 14-15). The Eighth Amendment governs conditions of confinement claims for convicted prisoners, including deliberate indifference to medical needs, while the Fourteenth Amendment's Due Process Clause governs such claims for pretrial detainees. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013).

allegation against Crowe is that she served on the grievance panel, which by itself does not make her liable under § 1983. (Doc. 46, pp. 4-5).

Defendants' points are well taken. By ignoring the Court's directive to use the designated four counts "in all future pleadings" (Doc. 20, p. 3), failing to set forth specific claims against specific Defendants, and omitting significant factual allegations that were contained in the *pro se* First Amended Complaint, the proposed Second Amended Complaint does not adequately support the claims recognized in the Court's May 23, 2022 merits review order (Doc. 20). If Plaintiff were to proceed with the new proposed pleading, the claims against Brown, Crowe, and Wexford, as well as the retaliation claim in Count 3 would be vulnerable to dismissal under 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court is cognizant that under Federal Rule of Civil Procedure 15(a)(2), it should grant a plaintiff leave to amend "when justice so requires." The proposed pleading at issue here, given the flaws pointed out by Defendants, is likely to result in injustice to Plaintiff by subjecting potentially meritorious claims to dismissal. The undersigned therefore concludes that the proposed amended complaint is futile to maintain Plaintiff's claims. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

## DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Leave to File Amended Complaint (Doc. 43) is **DENIED**. The action will proceed on the First Amended Complaint (Doc. 17) and on the claims as set forth in the merits review order at Doc. 20.

The October 6, 2022 Initial Scheduling and Discovery Order (Doc. 41) is **MODIFIED** as follows: Defendants shall have until **May 22, 2023** to file a motion for summary judgment on the issue of exhaustion of administrative remedies. If Defendants decide prior to this deadline that they will not pursue the affirmative defense of non-exhaustion, they shall file a motion to withdraw the defense on or before this deadline. In all other respects, the parties shall follow the directions set forth in **Section IV.** of the Order at Doc. 41. Discovery on the merits of Plaintiff's claims remains **STAYED** until the resolution of the question of exhaustion of administrative remedies. (Doc. 41, p. 5).

**IT IS SO ORDERED.**

**DATED:  April 20, 2023**

_s/  Stephen P. McGlynn_____
**STEPHEN P. McGLYNN**
**United States District Judge**