IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, #R16056, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21-cv-351-SPM |
| | ) |
| PERCY C. MEYERS,[1] | ) |
| BOBBY BLUM, | ) |
| CHRISTINE BROWN, | ) |
| CHRISTEL CROWE, and | ) |
| WEXFORD HEALTH SOURCES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on the Motion for Summary Judgment on Exhaustion of Administrative Remedies filed by Defendants Myers, Blum, and Wexford Health Sources ("Wexford") (Doc. 61) and the Motion for Partial Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies filed by Defendants Brown and Crowe (Doc. 64). Plaintiff responded to Defendants' filing in the form of a motion, conceding that he had not exhausted certain claims (Doc. 72). Plaintiff also filed a motion regarding discovery (Doc. 71). As explained below, the motions will be granted.

## BACKGROUND

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") who filed this civil rights lawsuit *pro se* on April 21, 2021 (Doc. 1). In March 2022, Plaintiff filed a *pro se* First Amended Complaint (Doc. 17). The Court conducted the required preliminary merits review of that amended pleading pursuant to 28 U.S.C. § 1915A. Based on the factual allegations in the First

---

[1] According to the pending motion at Doc. 61, the correct spelling of this Defendant's surname is MYERS, not "Meyers." The Clerk of Court will be directed to correct the error.

1

Amended Complaint, which organized the claims into four counts, the Court allowed Plaintiff to proceed on the following claims related to the Defendants' alleged delays in diagnosing and treating his painful spinal condition:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Myers, Brown, Blum, and Crowe for delaying the diagnosis and treatment of Plaintiff's spinal condition (severe central canal stenosis).
>
> Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Wexford for maintaining a policy or custom that prevented its employees from informing Plaintiff of his diagnosis or test results, thus delaying treatment of his spinal condition.
>
> Count 3: First Amendment retaliation claim against Myers, Brown, Blum, and Crowe for having Plaintiff moved to an undesirable housing unit after Plaintiff filed a grievance complaining of their failure to provide him with medical diagnosis and test results.
>
> Count 4: Intentional infliction of emotional distress claim against Myers, Brown, Blum, and Crowe for intentionally delaying his diagnosis and necessary surgery for several years.

(Doc. 20, pp. 3-6).[2]

Defendants Myers, Blum, and Wexford concede that Plaintiff exhausted his administrative remedies as to Count 1 against Myers and Blum, and they do not seek summary judgment on exhaustion as to Count 4. (Doc. 61, p. 2). However, they assert that Plaintiff did not properly exhaust with respect to Count 2 against Wexford and Count 3 against Myers and Blum. *Id.*

Defendant Crowe seeks summary judgment in her favor on Count 1, and both Defendants Crowe and Brown assert Plaintiff failed to exhaust his claim against them in Count 3. (Doc. 64, p. 2). Defendant Brown concedes that Plaintiff exhausted his claim against her in Count 1. *Id.*

---

[2] The Court dismissed Wexford from Counts 1 and 4, dismissed a portion of Count 3, and dismissed IDOC Director Jeffreys from the action. (Doc. 20, p. 6). Plaintiff was briefly represented by private counsel (Doc. 24) who sought leave to further amend the complaint (Doc. 43). The Court denied leave to amend (Doc. 50) and counsel was granted leave to withdraw with Plaintiff's consent, Plaintiff is again proceeding *pro se*. (Doc. 59).

Defendants Brown and Crowe do not seek summary judgment on Count 4. *Id.*

Plaintiff titled his response to the motions "Plaintiff's Dual Motion to Withdraw Against Certain Defendants in Response to the Defendants' Motions for Partial Summary Judgment on the Issues of Failure to Exhaust Administrative Remedies" (Doc. 72). He agrees with the Defendants' respective assertions of failure to exhaust as outlined above, and moves to dismiss the unexhausted claims against the various Defendants. (Doc. 72, pp. 2-3).

## LEGAL STANDARDS

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

The inmate grievance process is outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). Under this procedure, an inmate initiates a grievance with his prison counselor, and he may then submit his grievance to a grievance officer at his facility,

and to the CAO at his facility. "A grievance must be filed...within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." 20 ILL. ADMIN. CODE § 504.810(a). If an inmate is unsatisfied with the outcome at the facility, he must appeal to the ARB within 30 days. 20 ILL. ADMIN. CODE § 504.850(a).

## DISCUSSION

Because Plaintiff agrees that he failed to exhaust his claims against Defendant Crowe in Count 1, against Wexford in Count 2, and against Myers, Blum, Crowe, and Brown in Count 3, there is no genuine issue of material fact for the Court to resolve. These Defendants are entitled to summary judgment in their favor on these claims.

Likewise, it is undisputed that Plaintiff did properly exhaust his claim in Count 1 against Myers, Brown, and Blum; that claim will proceed against these three Defendants. Count 4 will also proceed because the Defendants did not seek summary judgment on that state law claim on the basis of non-exhaustion.

To summarize, the following claims will proceed:

Count 1:   Eighth Amendment deliberate indifference to serious medical needs claim against Myers, Brown, and Blum for delaying the diagnosis and treatment of Plaintiff's spinal condition (severe central canal stenosis).

Count 4:   Intentional infliction of emotional distress claim against Myers, Brown, Blum, and Crowe for intentionally delaying his diagnosis and necessary surgery for several years.

Counts 2 and 3 will be dismissed in their entirety, and Defendant Wexford will be dismissed from the action.

## DISPOSITION

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment on Exhaustion of Administrative Remedies filed by Defendants Myers, Blum, and Wexford Health Sources

("Wexford") (Doc. 61), the Motion for Partial Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies filed by Defendants Brown and Crowe (Doc. 64), and Plaintiff's Dual Motion to Withdraw Against Certain Defendants in Response to the Defendants' Motions for Partial Summary Judgment on the Issues of Failure to Exhaust Administrative Remedies (Doc. 72) are **GRANTED**. Count 2, Count 3, and Defendant Wexford Health Sources are **DISMISSED** from this action without prejudice.

Plaintiff's Motion Alerting the Court that he has Filed Discovery Out of Order and Motion to Withdraw the Same (Doc. 71) is **GRANTED**.

The matter of exhaustion of administrative remedies now being resolved, the stay on merits discovery is **LIFTED** and the parties can proceed with discovery on the merits of Plaintiff's remaining claims. The Court will enter a separate scheduling order to set forth discovery and dispositive motion deadlines.

The Clerk is **DIRECTED** to correct the spelling of Dr. Percy Myers' name on the docket in accordance with footnote #1.

**IT IS SO ORDERED.**

DATED:  August 1, 2023

*s/  Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**